UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD BISHOP and
ROY ALLEN BISHOP,

      Plaintiffs,                          Case No.

v.                                       Hon.

CITY OF DETROIT; a political subdivision
of the State of Michigan;
OFFICER RONALD WILLIAMS,
individually and in his official capacity;
OFFICER TARA LAWSON,
individually and in her official
capacity; and OFFICER JOHN
DOE, individually and in his
official capacity,

      Defendants.
_____/

SOLOMON M. RADNER (P73653)
Excolo Law, PLLC
Attorneys for Plaintiffs
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
sradner@excololaw.com
_____/

## COMPLAINT

Plaintiffs, Roy Bishop and James Bishop (collectively "Plaintiffs"), by and through their attorneys Excolo Law, PLLC and Solomon M. Radner, respectfully allege the following:

## INTRODUCTION

1.      This is a civil rights action against the City of Detroit (the "City"),

- 1 -

police officers Ronald Williams ("Officer Williams") and Tara Lawson ("Officer Lawson") (the "Individual Defendants"), and police impoundment supervisor John Doe.

2. Plaintiffs commence this action pursuant to 42 U.S.C. § 1983 and Michigan law.

3. Plaintiffs bring suit against the Individual Defendants and John Doe in their individual capacities as well as in their official capacities as City police officers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) since the Individual Defendants are residents of Wayne County, Michigan and the acts providing the legal basis for this complaint occurred in Wayne County, Michigan.

## PARTIES

6. Plaintiff James Bishop (age 80) is, and at all relevant times has been, a resident of Wayne County, Michigan.

7. Plaintiff Roy Bishop (age 54) is, and at all relevant times has been, a resident of Wayne County, Michigan.

8. Plaintiff James Bishop is the father of Plaintiff Roy Bishop.

9. Defendant Ronald Williams is, and at all relevant times has been, a

- 2 -

duly sworn City police officer.

10. Defendant Tara Lawson is, and at all relevant times has been, a duly sworn City police officer.

11. Defendant John Doe is, and at all relevant times has been, a duly sworn City police officer.

12. The City is a political subdivision of the State of Michigan acting under the color of state law.

13. At all times relevant herein, the Individual Defendants and John Doe acted under the color of state law.

## FACTUAL BACKGROUND

14. At 11:00 A.M. on the morning of April 22, 2016, plaintiffs were dismantling non-operational pay phone equipment in Detroit, Michigan belonging to the Great Lakes Telephone Company ("GLTC").

15. At this time, a City police department squad car approached Plaintiffs. The Individual Defendants exited the squad car and began questioning Plaintiffs about whether they owned the pay phone equipment.

16. While Plaintiffs did not produce any proof that they owned the pay phone equipment, they did inform the officers that GLTC authorized them to remove and recycle the equipment. (Exhibit 1).

17. After four additional officers arrived on the scene to provide back-up, the Individual Defendants arrested Plaintiffs and placed them in handcuffs with their hands behind their backs.

18. Plaintiffs posed no threat to any of the officers and they did not resist arrest.

19. Plaintiff James Bishop was in significant pain on account of his arthritis, which was aggravated by the tightness of the handcuffs. He repeatedly requested that the Individual Officers loosen or remove the handcuffs, but they ignored his requests.

20. When the Individual Defendants placed Plaintiffs inside their squad car, Plaintiff James Bishop experienced significant difficulty bending down into the backseat. As a result, the Individual Defendants shoved him inside the squad car and slammed his leg against the rear passenger door.

21. The Individual Defendants then impounded Plaintiffs' truck and trailer along with all of their equipment.

22. The Individual Defendants transported Plaintiffs to the Mound Road jail.

23. While under the Individual Defendants' custody, Plaintiffs continued to ask them to adjust the tightness of their handcuffs. The Individual Defendants ignored these requests and did not loosen the handcuffs.

24. Plaintiffs were eventually released from jail at approximately 5:00 A.M. on the morning of April 23, 2016.

25. Plaintiffs paid $350.00 to obtain the release of their truck from a City impound lot. However, the City will not release Plaintiffs' trailer and tools due to an alleged ongoing investigation.

26. Upon information and belief, the City has not yet returned Plaintiffs' trailer and tools.

27. After his release from custody, James Bishop was immediately transported to a local emergency room. His foot was significantly bruised and his toenail had turned black. Doctors treated him with pain medication.

28. Pursuant to the Freedom of Information Act ("FOIA"), Plaintiffs' counsel requested documents connected to Plaintiffs' arrest. The City's FOIA production is attached to this complaint. (Exhibit 2)

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – EXCESSIVE FORCE)

**(Against the Individual Defendants)**

29. Plaintiffs re-allege their prior allegations and incorporate them by reference.

30. The Fourth Amendment prohibits police officers from using excessive force when effectuating an arrest.

31. The Individual Defendants used excessive force against Plaintiffs by placing them in handcuffs that were unreasonably tight.

32. Although Plaintiffs notified the Individual Defendants that the handcuffs required adjustment, the Individual Defendants repeatedly declined to loosen them.

33. The Individual Defendants also ignored the Plaintiffs' requests to handcuff Plaintiff James Bishop in front of his body rather than behind his back due to his painful arthritis condition.

34. Plaintiffs' arrest records indicate that the constrictiveness of the handcuffs was unwarranted since Plaintiffs never posed a threat to the Individual Defendants and they never resisted arrest.

35. As a direct and proximate result of the Individual Defendants' conduct, Plaintiffs suffered severe physical, mental, and emotional injuries.

36. Therefore, Plaintiffs seek: (1) compensatory and punitive damages; and (2) attorney's fees.

## COUNT II
## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983
## (FOURTH AMENDMENT – UNREASONABLE SEIZURE)

**(Against the Individual Defendants)**

37. Plaintiffs re-allege their prior allegations and incorporate them by reference.

38. The Fourth Amendment protects against unreasonable searches and seizures.

39. At the time of their arrest, Plaintiffs were lawfully dismantling non-operational pay phone equipment.

40. Although Plaintiffs could not produce GLTC's authorization to remove the pay phone equipment, the Individual Defendants had no reasonable

suspicion of criminal activity to initially detain and question Plaintiffs and they possessed insufficient probable cause to subsequently seize: (A) their trailer and tools; and (B) the pay phone equipment.

41. Upon information and belief, Plaintiffs have never been arraigned or officially charged with a crime.

42. Consequently, Plaintiffs seek: (1) compensatory and punitive damages; (2) the release of their trailer and tools; (3) the return of their $350.00 impoundment fee; and (4) attorney's fees.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – FALSE ARREST)

### (Against the Individual Defendants)

43. Plaintiffs re-allege their prior allegations and incorporate them by reference.

44. The Fourth Amendment requires arresting officers to articulate a reasonable suspicion of criminal activity in order to detain and question a criminal suspect and to possess probable cause for any subsequent arrest.

45. When the Individual Defendants initially observed Plaintiffs they were dismantling non-operational pay phone equipment in the open and in broad daylight. Without more, the Individual Defendants had no reasonable suspicion to believe that Plaintiffs were engaged in criminal activity.

46. In the absence of reasonable suspicion, the Individual Defendants illegally detained and questioned Plaintiffs. Furthermore, any information that

Plaintiffs later disclosed to the Individual Defendants was tainted by their improper detention and cannot be used as probable cause in support of their subsequent arrest.

47. In light of the Individual Defendants' conduct, Plaintiffs seek: (1) compensatory and punitive damages; and (2) attorney's fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (STATE LAW)

**(Against the Individual Defendants)**

48. Plaintiffs re-allege their prior allegations and incorporate them by reference.

49. The Individual Defendants intentionally used excessive force against Plaintiffs while effectuating their arrest, thereby constituting extreme and outrageous conduct that is not to be expected from a prudent police officer.

50. The Individual Defendants' actions caused extreme emotional distress to Plaintiffs. On account of his arthritis, Plaintiff James Bishop was writhing in pain for nearly two hours while his hands were handcuffed behind his back.

51. Plaintiff Roy Bishop suffered extreme emotional distress as he pleaded with the Individual Defendants to assist his father who was experiencing a substantial amount of pain.

52. Despite Plaintiffs' repeated requests, neither of the Individual Defendants responded by adjusting Plaintiff James Bishop's handcuffs.

- 8 -

53. Due to the Individual Defendants' conduct, Plaintiffs seek: (1) compensatory and punitive damages; and (2) attorney's fees.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (MUNICIPAL LIABILITY)

**(Against the City)**

54. Plaintiffs re-allege their prior allegations and incorporate them by reference.

55. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are due to the municipality's policies, practices, and customs.

56. At all times relevant to this complaint, the City acted with deliberate indifference to Plaintiffs' constitutional rights by maintaining policies, practices, and customs that condoned and fostered the Individual Defendants' conduct.

57. Specifically, the City failed to: (a) adequately supervise and train its officers and agents, including the Individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) properly and adequately monitor and discipline its officers, including the Individual Defendants; and (c) properly and adequately investigate citizen complaints of police misconduct related to searches, detentions, and arrests conducted either without reasonable suspicion or probable cause.

58. Additionally, the City maintains a policy, practice, and/or custom of failing to provide owners of impounded vehicles and trailers with prompt post-

impoundment hearings. This policy, practice, and/or custom violates vehicle owners' rights to due process of law.

59. In this case, the City required Plaintiffs to pay $350.00 to obtain the release of their truck without affording them a prompt post-impoundment hearing to determine whether the vehicle was legally seized and impounded. Moreover, the City refuses to return Plaintiffs' trailer (and the tools stored therein) and has likewise declined to provide them with any kind of post-impoundment hearing to determine whether those items were legally seized and impounded as well.

60. Consequently, Plaintiffs seek: (1) compensatory and punitive damages; (2) the release of their trailer and tools; (3) the return of their $350.00 impoundment fee; and (4) attorney's fees.

### COUNT VI
### CONVERSION
### (STATE LAW – COMMON LAW AND STATUTORY)

**(Against the Individual Defendants and John Doe Police Impoundment Supervisor)**

61. Plaintiffs re-allege their prior allegations and incorporate them by reference.

62. Under Michigan common law "conversion is a distinct act of dominion wrongfully exerted over another's personal property." *Rohe Scientific Corp. v. National Bank of Detroit*, 133 Mich. App. 462, 468 (1984).

63. Pursuant to Mich. Comp. Laws § 600.2919a, individuals who are damaged by "[a]nother person's stealing or embezzling property or converting

property to the other person's own use" may recover treble damages along with costs and reasonable attorney's fees.

64. The Individual Officers unlawfully impounded Plaintiffs' vehicle, trailer, and tools because they had no reasonable suspicion that Plaintiffs were engaging in criminal activity and they possessed insufficient probable cause to arrest them.

65. John Doe impoundment supervisor continues to unlawfully retain Plaintiffs' trailer and the tools stored therein even though Plaintiffs have never been arraigned or officially charged with a crime.

66. Therefore, Plaintiffs seek: (1) compensatory and punitive damages; (2) the release of the trailer and tools; (3) the return of their $350.00 impoundment fee; (4) treble damages pursuant to Mich. Comp. Laws § 600.2919a; and (5) attorney's fees.

## **RELIEF REQUESTED**

In view of the foregoing, Plaintiffs respectfully request that this Court:

A. Order the release of Plaintiffs' trailer and tools;

B. Order the refund of Plaintiffs' $350.00 impoundment fee;

C. Award compensatory damages in an amount determined by a jury;

D. Award punitive damages in an amount determined by a jury;

E. Award reasonable attorney's fees and the costs and disbursements of this action; and

F.     Grant such other relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 11, 2016

                Respectfully Submitted,

                EXCOLO LAW, PLLC

By:  */S/ Solomon M. Radner*
     SOLOMON M. RADNER (P73653)
     Attorney for Plaintiff
     26700 Lahser Road, Suite 401
     Southfield, Michigan 48033
     T: 866.9.EXCOLO (866.939.2656)
     sradner@excololaw.com